# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

Carol Rego, individually
and on behalf of all others similarly situated,

    Plaintiff,

vs.

Liberty Mutual Managed Care LLC,

    Defendant.

CIVIL ACTION NO.
COLLECTIVE ACTION COMPLAINT

---

Plaintiff Carol Rego, on behalf of herself and all others similarly situated, by and through her attorneys, Nichols Kaster, PLLP, brings this action against Liberty Mutual Managed Care LLC ("Defendant") for damages and other relief relating to violations of the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391 because Plaintiff worked for Defendant in this district and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3. Defendant Liberty Mutual Managed Care LLC is a limited liability company that operates in the State of Wisconsin and elsewhere, and maintains its principal place of business in Boston, Massachusetts.

4. Liberty Mutual Managed Care LLC is a subsidiary of Liberty Mutual Holding Company ("LMHC"). LMHC, through its subsidiaries, including Liberty Mutual Managed Care LLC, offers a wide range of property-casualty insurance products and services to individuals and businesses nationwide. These services include, but are not limted to, auto, property, and workers compensation insurance coverage.

5. Defendant operates in interstate commerce by, among other things, providing utilization review services to customers nationwide.

6. Defendant's gross annual sales made or business done have been in excess of $500,000.00 at all relevant times.

7. At all relevevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d) and 29 U.S.C. § 203(s)(1).

8. Plaintiff Carol Rego is an adult resident of the State of Wisconsin. She was employed by Defendant as a Utilization Management Nurse from approximately 2010 to June 2016. During the applicable statutory period, Plaintiff worked for Defendant remotely from her home in Clintonville, Wisconsin.

**FACTUAL ALLEGATIONS**

9. Plaintiff and similarly situated individuals worked as utilization management nurses and similar job positions (collectively, "UMNs") performing utilization review services for Defendant. As UMNs, Plaintiff's and the similarly situated individual's primary job duties were non-exempt, consisting of reviewing medical authorization requests submitted by healthcare providers against pre-determined guidelines and criteria for insurance coverage and payment purposes.

10. Plaintiff and the similarly situated individuals were paid a salary with no overtime pay.

11. Plaintiff and the similarly situated individuals were classified as exempt from federal and/or state overtime laws.

12. Defendant suffered and permitted Plaintiff and the similarly situated individuals to work more than forty (40) hours per week without overtime pay.

13. Plaintiff typically started her workday at approximately 9:00 a.m., and ended her workday at approximately 7:30 p.m. As a result, during the workweek ending June 10, 2016, Plaintiff estimates that she worked approximately fifty (50) hours without receiving overtime compensation for her 10 hours of overtime.

14. At all times relevant herein, Defendant operated a willful scheme to deprive their UMNs of overtime compensation.

15. Defendant knew that the Plaintiff and other similarly situated individuals were working unpaid overtime hours because it required Plaintiff and others to work overtime hours in order to complete all of their work assignments and meet its productivity standards.

16. Plaintiff's supervisors were also aware that she worked overtime because they were regularly included in email correspondence with her at times outside of her regularly scheduled hours.

17. Defendant was aware that it was not compensating Plaintiff and similarly situated individuals properly for overtime because Plaintiff complained to management about it. Specifically, in employee opinion surveys Defendant distributed to UMNs, Plaintiff complained about the nature of the working conditions and the long hours Defendant required Plaintiff to work. Plaintiff suggested on multiple occasions that Defendant should change Plaintiff's

classification status to non-exempt, and should pay her and other UMNs an overtime premium for the overtime hours they worked. Defendant ignored, and did not address these complaints.

18. Plaintiff also complained directly, in one-on-one meetings with her supervisor, about not receiving overtime pay.

19. Finally, Plaintiff and those similarly situated raised concerns to management on numerous occasions in team meetings about the fact that Defendant required them to work long hours but did not pay them overtime. Those concerns were also not addressed by Defendant, and it continued to deny overtime compensation Plaintiff and those similarly situated.

20. Although they had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff, individually and on behalf of all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

22. Plaintiff files this action individually and on behalf of all similarly situated individuals. Pursuant to 29 U.S.C. § 216(b), Plaintiff's signed consent form is attached as Exhibit A. As this case progresses, it is likely that other individuals will also join this case as opt-in plaintiffs.

23. The employees similarly situated are:

**FLSA Collective Class**: All persons who are, have been, or will be employed by Defendant as utilization management nurses or other similar job positions, and whose job it was to apply pre-determined criteria and guidelines to authorization requests submitted by healthcare providers for coverage and payment purposes, at any time from three years prior to the filing of this Complaint through the entry of judgment.

24. Plaintiff and the FLSA Collective Class worked or work in excess of forty (40) hours during workweeks within the applicable statutory period.

25. Defendant did not pay Plaintiff or the FLSA Collective overtime premiums for their overtime hours worked.

26. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

27. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

28. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the similarly situated individuals. Accordingly, notice should be sent to the FLSA Collective Class members. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**CAUSES OF ACTION**
**COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**
**(on behalf of Plaintiff and the similarly situated individuals)**

29. Plaintiff and the FLSA Collective Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

30. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

31. Defendant suffered and permitted Plaintiff and the FLSA Collective Class to work more than forty (40) hours per week during weeks within the statutory period without paying them overtime compensation.

32. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective Class the required overtime pay.

33. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective Class are entitled to liquidated damages, attorneys' fees, and costs incurred in connection with this claim.

34. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

35. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew, or showed reckless disregard for the fact, that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals

apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendant in the amount of Plaintiff's and the FLSA Collective Class' unpaid back wages at the applicable overtime rates;

C. An additional and equal amount as liquidated/statutory damages under federal law;

D. Appropriate civil penalties;

E. A finding that Defendant's violations of the FLSA were willful and in bad faith;

F. All reasonable costs and attorneys' fees pursuant to 29 U.S.C. § 216;

G. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest as provided by law;

H. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. All further relief as the Court deems just and equitable.

Dated: January 17, 2017                     Respectfully Submitted:

**NICHOLS KASTER, PLLP**

s/Rachhana Srey
Rachhana T. Srey, MN Bar No. 340133
Alexander M. Baggio, MN Bar No. 389912*
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
srey@nka.com
abaggio@nka.com

*Motion for Admission Forthcoming*

**ATTORNEYS FOR PLAINTIFF
AND THE SIMILARLY SITUATED**