UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Carol Rego, individually and on behalf of
all others similarly situated,

                Plaintiff,

vs.

Liberty Mutual Managed Care, LLC,

                Defendant

Case No. 1:17-cv-00066-WCG

## JOINT STIPULATION FOR APPROVAL OF SETTLEMENT, DISMISSAL OF CLAIMS WITH PREJUDICE, AND ENTRY OF JUDGMENT

This Joint Stipulation for Approval of Settlement, for Dismissal of Claims with Prejudice, and for Entry of Judgment ("the Stipulation") is made and entered into between named-plaintiff Carol Rego ("the Named Plaintiff"), and the opt-in plaintiffs Heidi Burgan, Johnette Devore, Wendy Hollister, Shannon Jahn, Cynthia Jaster, Mandy Satterwhite, Shannon Schnitzler, Tabitha Trisvan, Julia Whittingon-Stevens, and Tara York-Winkler (collectively, "the Opt-in Plaintiffs"), by and through their attorneys, Nichols Kaster, PLLP ("Plaintiffs' Counsel"), on the one hand, and defendant Liberty Mutual Managed Care LLC ("LMMC"), by and through its attorneys, Littler Mendelson, P.C., on the other hand.

    **1.**    **Stipulated Recitals**

            a.    On January 17, 2017, Named Plaintiff filed her Collective Action Complaint in the above-captioned action ("the Lawsuit"), alleging that LMMC violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). (ECF. No 1.) Named Plaintiff, specifically alleged that LMMC violated the FLSA by misclassifying her and other Utilization Management Nurses as exempt from overtime.

b.  On February 27, 2017, LMMC filed its Answer to the Collective Action Complaint, and denied Named Plaintiff's allegations. (ECF No. 6.)

c.  Following the commencement of the Lawsuit, ten additional individuals, Heidi Burgan, Johnette Devore, Wendy Hollister, Shannon Jahn, Cynthia Jaster, Mandy Satterwhite, Shannon Schnitzler, Tabitha Trisvan, Julia Whittington-Stevens, and Tara York-Winkler, filed written consents to join the Lawsuit as party-plaintiffs, pursuant to 29 U.S.C. § 216(b). (ECF. Nos. 9, 14, 15, 27, 28, 29, 31, 34, 35.)

d.  The parties have engaged in written discovery, depositions and summary judgment motion practice regarding the Named Plaintiff's claims, the claims of the Opt-in Plaintiffs, and other matters relevant to the claims alleged in the Lawsuit and LMMC's defenses.

e.  The parties, through their counsel, are familiar with the facts of the Lawsuit and the legal issues raised by the pleadings. In consideration of the discovery record, the Court's Order on the parties' cross-motions for summary judgment, and in advance of engaging in significant trial preparation activities, the parties engaged in settlement negotiations, including a full day mediation with an experienced mediator. The terms and conditions of settlement reflected in this Stipulation are a product of those negotiations, which were conducted at arm's length between the parties and their respective counsel.

f.  LMMC denies any liability or wrongdoing of any kind associated with the claims alleged in the Lawsuit. LMMC contends that it has at all times

complied with the FLSA. Nevertheless, LMMC has entered into this Stipulation to avoid the cost and inconvenience of further litigation.

    g.    The Named Plaintiff and the Opt-in Plaintiffs have entered into this Stipulation because the settlement set forth herein reflects a reasonable compromise of the disputed issues in the Lawsuit, chiefly, if and to what extent the Named Plaintiff and the Opt-in Plaintiffs are owed overtime wages and liquidated damages. The Named Plaintiff and the Opt-in Plaintiffs believe that the certainty of settlement is better than the uncertain outcome of protracted litigation. The Named Plaintiff, the Opt-in Plaintiffs, LMMC, and their respective counsel stipulate and agree that the terms and conditions of settlement set forth in this Stipulation are fair, reasonable, and in the best interest of the Parties.

    h.    Nothing in this Stipulation shall be construed or deemed to be an admission of liability or wrongdoing on the part of LMMC. Pursuant to Rule 408 of the Federal Rules of Evidence, this Stipulation shall not be admissible in evidence in any proceeding; provided, however, that the Stipulation may be filed and used in this Lawsuit or any related litigation as necessary to approve, interpret, or enforce this Stipulation, or in any subsequent action against or by LMMC to support a stay of such subsequent action, or to establish a defense of res judicata, collateral estoppel, waiver, release, or any other theory of claim preclusion, issue preclusion, or similar defense, claim, or counterclaim.

**2.    Dismissal of the Lawsuit with Prejudice.**

Pursuant to the terms and conditions of this Stipulation, the Named Plaintiff and the Opt-in Plaintiffs (hereinafter collectively referred to as "the Settling Plaintiffs") agree that their claims alleged in the Lawsuit may and should be dismissed by the Court **WITH PREJUDICE.** Except as otherwise provided in this Stipulation, all parties will be responsible for their own costs and attorneys' fees.

3. **Unpaid Wages and Liquidated Damages as Settlement Consideration.**

   a. In exchange for: (1) dismissal of the Lawsuit as described in Section 2 of this Stipulation; (2) the Settling Plaintiffs' execution of a settlement agreement in a form acceptable to all parties; and (3) the representations and stipulations of the Settling Plaintiffs and Plaintiffs' Counsel as set forth in this Stipulation, LMMC agrees to pay or cause to be paid to the Settling Plaintiffs a total aggregate sum of $236,318.19 (the "Settlement Amount") for alleged unpaid wages and liquidated damages plus $9,000.00 in Service Awards to the Named-Plaintiff and certain opt-in plaintiffs who participated in discovery (the "Service Awards") to resolve all claims alleged in the Lawsuit and related wage claims ("Settled Claims," as defined in Section 4 of this Stipulation). The Settlement Amount and the Service Awards are exclusive of the Settling Plaintiffs' attorneys' fees and costs.

   b. The parties agree that the Settling Plaintiffs shall be allocated their respective shares of the Settlement Amount on pro rata basis based upon the hours each Settling Plaintiff alleges she worked, her respective salary, and the number of weeks the she worked for LMMC during the three-year period prior to the date each individual Settling Plaintiff filed a consent form to join the Lawsuit.

c. One-half of each individual Settling Plaintiff's allocated share of the Settlement Amount shall constitute W-2 wages ("the W-2 Wages Portion"). LMMC shall deduct all applicable withholding taxes and other amounts required by law from the W-2 Wages Portion of the Settlement Amount allocated to each individual Settling Plaintiff, and LMMC will issue a Form W-2 reflecting payment of the W-2 Wages Portion of the Settlement Amount to each individual Settlement Plaintiff.

d. One-half of each individual Settling Plaintiff's allocated share of the Settlement Amount shall constitute Form 1099 income for liquidated damages ("the Liquidated Damages Portion"), and LMMC shall issue a Form 1099 reflecting payment of the Liquidated Damages Portion of the Settlement Amount to each individual Settling Plaintiff.

e. The Service Awards shall constitute Form 1099 income and LMMC shall issue a Form 1099 reflecting payment of the Service Awards to each individual receiving such an award.

f. The Settling Plaintiffs shall be solely responsible for payment of any and all federal, state, and local taxes due on the amounts payable under this Stipulation, with the sole exception of those payroll taxes customarily paid by employers, including but not limited to FICA and FUTA/SUTA. The Settling Plaintiffs will not be eligible for or entitled to claim any further payment, including payment of attorneys' fees, except as otherwise provided for in this Stipulation. The Settling Plaintiffs agree to provide LMMC with their last known mailing addresses and completed Form W-9s

in order to facilitate delivery of appropriate tax-related notices. Nothing in this Stipulation shall be construed as LMMC or Plaintiffs' Counsel providing any advice regarding the reporting or payment of taxes or the tax consequences of a Settling Plaintiff's participation in the settlement.

g. Within thirty (30) calendar days following the entry of Final Judgment of Dismissal based on this Stipulation, LMMC shall make payment of the Settlement Amount by issuing two (2) settlement checks to each Settling Plaintiff participating in the settlement. All checks shall be delivered to the offices of Nichols Kaster, PLLP.

**4. Reimbursement for Reasonable Attorneys' Fees and Litigation Costs**

Pursuant to the terms and conditions of this Stipulation, and according to the timeframe identified above in section 3(f), LMMC shall pay or cause to be paid by check to Nichols' Kaster, PLLP $133,333.33 as attorneys' fees and $21,348.48 as reimbursement for litigation expenses. The Attorneys' Fees and Costs Payment will be reported to Nichols Kaster, PLLP, on an IRS Form 1099 and Nichols Kaster, PLLP agrees to provide LMMC with a Form W-9 in order to facilitate this payment. This is the total amount that the Company shall pay in attorneys' fees and costs.

**5. Waiver and Release of Claims; Covenant Not to Sue.**

As a material inducement to LMMC to enter into this Stipulation, and in consideration of LMMC's promise to make the payments set forth in Section 3 of this Stipulation, the Settling Plaintiffs have executed a settlement agreement prepared by the parties' counsel, and each has expressly released all claims asserted in the Lawsuit against LMMC and all of its current and former parent companies, subsidiaries and affiliates and each of their current and former officers, directors, agents, employees, attorneys, successors and assigns (collectively, the "Released

6

Case 1:17-cv-00066-WCG   Filed 08/19/19   Page 6 of 8   Document 79

Parties"), including all minimum wage and overtime claims arising under the FLSA; all claims arising under any state wage, minimum wage or overtime laws arising out of or related to any factual or legal theory that was alleged or that could have been alleged in the Lawsuit related to allegedly unpaid wages; and all derivative claims relating to unpaid wages, minimum wage and overtime, up to and including the date of execution of the settlement agreement including all claims for liquidated, punitive, or penalty damages, interest, and attorneys' fees and costs ("the Settled Claims"). Pursuant to their release of the Settled Claims, the Settling Plaintiffs covenant and agree not to sue or bring any legal action, whether in federal court, state court, an administrative agency, or arbitration, now or at any future time, against LMMC and/or the Released Parties with respect to any Settled Claims.

ACCORDINGLY, based upon the recitals, stipulations, and agreements contained within this Stipulation, the parties, LMMC, the Named Plaintiff, and the Opt-in Plaintiffs, jointly request that the Court enter an Order:

1. APPROVING the terms of the parties' resolution of the Settling Plaintiffs' claims for unpaid wages and liquidated damages as a fair and reasonable resolution of a bona fide dispute regarding unpaid wages under the FLSA;

2. DISMISSING the claims asserted in the First Amended Complaint WITH PREJUDICE; and

3. ORDERING the ENTRY OF JUDGMENT.

Dated this  19th  day of   August   , 2019.

/s/Rebekah L. Bailey
Rebekah L. Bailey (SBN 389599)
bailey@nka.com
Rachhana T. Srey (SBN 340133)
srey@nka.com
**NICHOLS KASTER PLLP**
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
612.256.3200

**ATTORNEYS FOR PLAINTIFF AND THE COLLECTIVE**

Dated this  19th  day of   August   , 2019.

/s/John H. Lassetter (with permission)
Andrew J. Voss (SBN: 0241556)
avoss@littler.com
John H. Lassetter (SBN: 0389009)
jlassetter@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: 612.630.1000

**ATTORNEYS FOR DEFENDANT LIBERTY MUTUAL MANAGED CARE, LLC**